08-4801-ag
Jiang v. Holder

BIA
Abrams, IJ
A 200 114 550

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand nine.

PRESENT:
    DENNIS JACOBS,
            *Chief Judge,*
    REENA RAGGI,
    PETER W. HALL,
            *Circuit Judges.*

_____

JING YUN JIANG,
        *Petitioner,*

        v.                                    08-4801-ag
                                              NAC
ERIC H. HOLDER, JR.,* ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
        *Respondent.*

_____

---

   * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

| FOR PETITIONER: | Norman Kwai Wing Wong, New York, New York. |
|---|---|
| FOR RESPONDENT: | Michael F. Hertz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jing Yun Jiang, a native and citizen of China, seeks review of the September 8, 2008 order of the BIA affirming the November 30, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Yun Jiang*, No. A 200 114 550 (B.I.A. Sept. 8, 2008), *aff'g* No. A 200 114 550 (Immig. Ct. N.Y. City Nov. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the

2

IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Jiang does not challenge the IJ's findings that: (1) her testimony was internally inconsistent regarding why she failed to tell U.S. border patrol agents that she was persecuted on account of her Falun Gong activities in China; (2) her testimony regarding the date when she distributed Falun Gong flyers was inconsistent with the documentary evidence that she submitted in support of her asylum application; (3) her testimony was internally inconsistent regarding her Falun Gong activity in the United States; (4) her testimony was internally inconsistent regarding whether she distributed Falun Gong flyers; and (5) there were discrepancies between her testimony and the documentary evidence she submitted. Thus, she has waived any challenge to those findings, *Yueqing*

3

*Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), which constitute substantial evidence for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146-147 (2d Cir. 2008).

With respect to the findings that Jiang does challenge, each was proper. Substantial evidence supports the IJ's findings that: (1) Jiang's testimony that she was beaten by the police was implausible; (2) there was a discrepancy within Jiang's testimony and between her testimony and the documentary evidence she submitted regarding her ability to practice Falun Gong; (3) Jiang provided inconsistent testimony regarding when she allegedly received Falun Gong materials in China; (4) Jiang provided evasive and implausible testimony regarding the location where she allegedly distributed Falun Gong flyers. While Jiang offered explanations before the agency that were responsive to each of these findings, the agency did not err in rejecting them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Having called Jiang's testimony into question, the IJ properly noted the absence of corroborative evidence that could have rehabilitated her testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Ultimately, substantial evidence supported the IJ's

4

adverse credibility determination.  Thus, the IJ properly denied Jiang's application for asylum, withholding of removal, and CAT relief because the only evidence that she would be persecuted or tortured depended on her credibility.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____